UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WILLIE L. SHAW, JR.**                                                       **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 5:05CV-P241-R**

**MICHAEL SPINDLER** *et al.*                                  **DEFENDANT**

**OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court must dismiss this action for failure to state a claim.

**I. SUMMARY OF CLAIMS**

Plaintiff, Willie L. Shaw, Jr., is currently confined at the Kentucky State Penitentiary ("KSP") and brings this civil rights action against Michael Spindler, Susan Knight, David Lane, and Joel Dunlap. Spindler, Knight, and Lane are prison guards at KSP, and Dunlap is a unit director. Shaw has sued each of the four defendants in both their individual and official capacities.

Shaw claims that sometime in the fall of 2005 (late October or early November), Defendant Spindler falsely accused him of assaulting him. This alleged assault apparently led to a hearing before the prison adjustment committee. Defendants Knight, Lane, and Dunlap were members of the adjustment committee that presided over Spindler's claims against Shaw. Shaw complains that Spindler lied about the incident to the adjustment committee and that despite viewing a videotape of the incident, which Shaw claims proves his innocence, the committee erroneously found him guilty. It is unclear from Shaw's complaint what "sentence" the

committee imposed as a punishment for the assault, although it appears the punishment may have involved confiscating Shaw's property.

After the committee reached its decision, Shaw states that he "appealed" the decision to the prison Warden by writing a letter. Shaw does not provide the date of this appeal. Shaw filed this suit on December 15, 2005. As of that date, Shaw had not received any response from the Warden to his appeal.

Based on these facts, Shaw claims that all of the Defendants have violated his constitutional rights. Specifically, Shaw alleges that the Defendants violated his fifth amendment due process rights, his sixth amendment compulsory process rights, his first amendment right to prevent redress of staff wrongs, his eighth amendment right to be free from cruel and unusual punishment, and his fourteenth amendment right to equal protection. Shaw appears to be alleging that each of these violations arose out of the adjustment committee's hearing and the committee's subsequent decision to confiscate his property. Shaw is seeking monetary and injunctive relief against all Defendants.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

"In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2). Upon review of Shaw's complaint, this Court finds that it fails to state any cognizable claim for relief under 42 U.S.C. § 1983. As such, the Court will dismiss Shaw's complaint on the merits without first performing an extensive review of whether Shaw fully exhausted his administrative remedies

prior to filing his complaint.[1]

Although not clearly articulated, it appears that Shaw's primary complaint that forms the predicate for each of the alleged constitutional violations set forth above is that the adjustment committee Defendants and Defendant Spindler unconstitutionally "had 'all' [Shaw's] property (personal, private, state) taken away [from him] for allegedly assaulting" Spindler.  The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986).  In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post deprivation procedures are inadequate to remedy the deprivation.  *Parratt,* 451 U.S. 543-44.  The law of this Circuit is in accord.  For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."  *Id.* at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).  The same rationale applies to claims under the Fifth Amendment

---

[1] Shaw claims in his complaint that there is no administrative remedy process by which to challenge the decision of the adjustment committee.  However, Kentucky Correction Policies and Procedures ("CPP") 15.6(F) provides that an inmate may appeal a decision of the adjustment committee to the Warden within 15 days.  The Warden has 30 days to respond.  *Id.*  Shaw states that he did appeal the adjustment committee's decision to the Warden.  Shaw claims the Warden ignored his appeal.  Shaw states that the adjustment committee rendered its decision against him in late October or early November 2005.  Shaw filed this action on December 15, 2005.  Shaw does not state what date he filed his appeal with the Warden.  Based on the dates provided by Shaw, it is entirely possible that the Warden's response time had not expired prior to Shaw's commencing this suit.  If this were the case, Shaw's action would also be barred for failing to exhaust his administrative remedies.

4

Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring).

> As explained by Justice O'Connor,
>
> [A] mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause. The Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings. The due process requirement means that Government must provide to the inmate the remedies it promised would be available. Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred. Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result.

*Hudson*, 468 U.S. at 539 (citations omitted). Shaw has failed to demonstrate an inadequacy of state remedies in the case at bar.

Additionally, although unclear, it appears that Shaw may also be complaining that the adjustment committee failed to give due consideration to a videotape of the alleged incident that Shaw claims proves his innocence. This claim is also deficient. Shaw has not alleged how his procedural or substantive due process rights were violated by the adjustment committee proceedings. At most, Shaw has alleged that the adjustment committee did not believe his version of the events and interpreted the videotape evidence differently than Shaw interprets it. This does not amount to a violation of Shaw's constitutional rights. Shaw does not have a constitutional right to a decision in his favor. The adjustment committee procedure here as Shaw alleges it appears to comport with the essential requirements set out by the United States

Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).[2] It appears as though Shaw received a written report of the incident, that the adjustment committee held a hearing at which Shaw was provided with some opportunity to present his side of the story and where the committee viewed the videotape and considered other evidence, and that the committee rendered some type of decision that Shaw was able to attempt to appeal to the Warden. Under these facts, this Court does not find that Shaw has properly alleged a violation of his constitutional rights based on the process used by the adjustment committee in this case.

For the reasons set forth above, Shaw's complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court will enter an order that is consistent with this opinion.

Date:

cc:   Petitioner, *pro se*
      Defendants
      General Counsel, Justice & Safety Cabinet, Office of Legal Counsel
      4413.008

---

[2] In *Wolff* the Supreme Court explained that prior to a revocation of parole, a parolee was entitled to: (a) written notice of the alleged violation; (b) disclosure of the evidence against him; (c) opportunity to be heard; (d) right to confront and cross-examine witnesses (unless good cause for not allowing confrontation); (e) a "neutral and detached" hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *See id.*